## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MIJAILA PINO,

     Plaintiff,

-vs-

     Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; and VERIZON WIRELESS
SERVICES, LLC,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, MIJAILA PINO (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); and VERIZON WIRELESS SERVICES, LLC (hereinafter "Verizon") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Hernando County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

4

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Verizon is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

20.    Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Verizon furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

22.    Plaintiff is alleged to owe a debt to Verizon, partial account number ending in x0001, as to a cellular account (hereinafter "Verizon Account"). Plaintiff does not have an account with Verizon and never applied or gave permission to anyone to apply using her information for the Verizon Account.

23.    Plaintiff's cellular provider is Spectrum Mobile.

24.    Upon information and belief, Plaintiff is a victim of identity theft.

25.     Plaintiff regularly monitors her credit file through her Credit Karma account, and in or about October 2023, Plaintiff became aware of the erroneous Verizon Account.

26.     On or about October 6, 2023, Plaintiff submitted a dispute online to Trans Union regarding the Verizon Account which did not belong to her.

27.     On or about October 11, 2023, Plaintiff received dispute results from Trans Union which stated her dispute of the Verizon Account was denied and the erroneous account remained in her credit report.

28.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

29.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

30.     Upon information and belief, Trans Union notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

31.     On or about June 19, 2024, Plaintiff submitted a dispute online to Experian regarding the Verizon Account which did not belong to her.

32.     On or about June 21, 2024, Plaintiff received dispute results from Experian which stated the Verizon Account was verified as accurate and updated.

33.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

34.    Experian never attempted to contact Plaintiff during the alleged investigation.

35.    Upon information and belief, Experian notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

36.    On or about November 4, 2024, Plaintiff obtained copies of her credit reports from Equifax and Experian. Upon review, Plaintiff observed the Verizon Account was reported with a status of collection and balance of $5,723.

37.    On or about November 7, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 179837456. In this report, she explained that she was a victim of identity theft and that the Verizon Account listed in her credit report did not belong to her.

38.    On or about February 11, 2025, Plaintiff obtained updated copies of her credit reports from the CRAs. Upon review, Plaintiff observed that the Verizon Account continued to be reported with a status of collection and balance of $5,723.

39.    On or about February 12, 2025, and February 13, 2025, Plaintiff made multiple attempts to file an updated FTC Identity Theft Report but was unsuccessful.

40.     Due to the inaccurate reporting, on or about February 13, 2025, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised she was a victim of identity theft and that the Verizon Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of her filed FTC Identity Theft Report confirmation, and images of one of her attempts to file an updated FTC Identity Theft Report.

41.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6445 2069 78), Experian (9407 1112 0620 6445 2066 88), and Trans Union (9407 1112 0620 6445 2061 90).

42.     On or about February 21, 2025, Plaintiff received a response from Trans Union that confirmed receipt of Plaintiff's detailed dispute letter but stated it did not appear to have been sent by Plaintiff despite the letter including images of Plaintiff's current driver's license and Social Security card.

43.     On or about February 22, 2025, Plaintiff received a response from Equifax confirming receipt of Plaintiff's detailed dispute letter and requesting proof of identity despite the letter including images of Plaintiff's current driver's license and Social Security card.

44.     Despite confirmation of delivery on February 18, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Equifax.

45.     However, on or about March 25, 2025, Plaintiff obtained an updated copy of her Equifax credit report. Upon review, Plaintiff observed the Verizon Account continued to be reported with a status of collection and balance of $5,723 with a comment which stated, "Consumer disputes this account information".

46.     Plaintiff provided enough information to Equifax to identify her file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

47.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.     Equifax never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Equifax notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     Despite confirmation of delivery on February 19, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Experian.

9

51.     However, on or about March 25, 2025, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed the Verizon Account continued to be reported with a status of collection and balance of $5,723 with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)".

52.     Plaintiff provided enough information to Experian to identify her file and to handle the dispute. Experian failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

53.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

54.     Experian never attempted to contact Plaintiff during the alleged investigation.

55.     Upon information and belief, Experian notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     Despite confirmation of delivery on February 18, 2025, Plaintiff did not receive dispute results or a copy of her credit report in the mail from Trans Union.

57.     However, on or about March 25, 2025, Plaintiff obtained an updated copy of her Trans Union credit report. Upon review, Plaintiff observed the Verizon Account continued to be reported with a status of collection and balance of $5,723.

58.     Plaintiff provided enough information to Trans Union to identify her file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

59.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

60.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

61.     Upon information and belief, Trans Union notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

62.     Due to the continued inaccurate reporting, on or about March 31, 2025, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff again requested a copy of her credit report. Further, Plaintiff reiterated she was a victim of identity theft and that the Verizon Account did not belong to her. To confirm her identity, Plaintiff included images of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of

her filed FTC Identity Theft Report confirmation, images of her filed FTC Identity Theft Report confirmation, and images of one of her attempts to file an updated FTC Identity Theft Report.

63.    Plaintiff mailed her second detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 8827 3911 59), Experian (9407 1112 0620 8827 3911 42), and Trans Union (9407 1112 0620 8827 3254 99).

64.    As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs as to her second detailed dispute letter.

65.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous Verizon Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

66.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher.

67.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

68.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

69.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

70.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

71.    Equifax allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

72.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

73.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

74.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

75.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

76.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

77.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

78.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

79.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

80.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

81.    Equifax allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

15

82.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

83.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

84.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

85.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

86.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

87.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

88.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

89.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

90.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

91.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

92.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

93.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

94.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

95.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

18

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

96.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

97.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

98.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

99.    Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

100.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

101.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violations of 15 U.S.C. § 1681g as to**
**Defendant, Equifax Information Services LLC (Negligent)**

103.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

104.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

105.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

106.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

107.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

108.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

109.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Willful)

110.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

111.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

112.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

113.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

114.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

117.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

118.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

119.    Experian allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

120.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

121.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

122.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

24

123.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

124.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

127.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

128.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

129.    Experian allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

130.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

131.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

132.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

133.    Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

134.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

136.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IX**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

137.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

138.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

139.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

140.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

28

141. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

142. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

143. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT X**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

144.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

145.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

146.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

147.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

30

148.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

149.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

150.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

151.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

152.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

153.    Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

154.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

155.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

156.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

157.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681g as to
### Defendant, Experian Information Solutions, Inc. (Willful)

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

159.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

160.   Plaintiff provided to Experian appropriate and sufficient proofs of identity to allow Experian to create a high degree of confidence in knowing the identity of Plaintiff.

161.    Despite the sufficient proofs of identification produced by Plaintiff, Experian refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

162.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

163.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

164.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

165.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

166.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

167.    Trans Union allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

168.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

169.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

170.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

171.    Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

172.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

173.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

174.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

175.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

176.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

177.   Trans Union allowed for a furnisher to report and inaccurate and erroneous account to Plaintiff's credit file.

178.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

179.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

180.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

181.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

182.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and

apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

184.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

185.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

186.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

187.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

188.    Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

189.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

190.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

191.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

192.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

193.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff

40

in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

194.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

195.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

196.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

197.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

198. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681g as to Defendant, Trans Union LLC (Negligent)

199. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

200. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

201. Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

202. Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's

42

disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

203.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

204.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

205.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **COUNT XVIII**
## **Violation of 15 U.S.C. § 1681g as to**
## **Defendant, Trans Union LLC (Willful)**

206.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

207.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

208.   Plaintiff provided to Trans Union appropriate and sufficient proofs of identity to allow Trans Union to create a high degree of confidence in knowing the identity of Plaintiff.

209.   Despite the sufficient proofs of identification produced by Plaintiff, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her credit report, or dispute results to Plaintiff.

210.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

211.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

212.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Negligent)

213.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

214.   Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

215.   After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

45

failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

216.   Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

217.   Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

218.   Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

219.   As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

220.   The conduct, action, and inaction of Verizon was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

221.   Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual damages against Defendant, VERIZON WIRELESS SERVICES, LLC; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Willful)

222.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-eight (68) above as if fully stated herein.

223.   Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

224.    After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

225.    Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

226.    Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

227.    Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

228.   As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

229.   The conduct, action, and inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

230.   Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MIJAILA PINO, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and VERIZON WIRELESS SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of March 2025.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602

Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@theconsumerlawyers.com
*Attorney for Plaintiff*